902 F.2d 34
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry PARKER, Plaintiff-Appellant,
v.
OLFA CORPORATION, Defendant-Appellee.
 No. 89-1579.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1990.
 
 Before KEITH and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Larry Parker appeals from a judgment for Olfa Corporation in this product liability diversity action, arguing that the district court erred by failing to give a requested jury instruction. For the reasons that follow, we affirm.
 
 I.
 
 2
 On April 4, 1985, Larry Parker was injured while using an Olfa Cutter 180, a snap-off blade cutter-knife manufactured by Olfa Corporation, a Japanese hand tool manufacturer. At the time of the accident, Parker was employed by Eagle Data Products, a manufacturer of computer printer enclosures. Parker was using the Olfa cutter to trim excess foam from a wooden component part when the blade snapped off and struck Parker in the right eye, causing a severe eye injury.
 
 
 3
 On October 2, 1987, Parker filed this action in the Circuit Court of Oakland County, Michigan, against Olfa and certain wholesalers and retailers of the knife. Parker alleged breach of express and implied warranties, negligence, and strict liability. On July 26, 1983, the case was removed to the district court on the basis of diversity of citizenship following the dismissal of the wholesalers and retailers as defendants. The strict liability and warranty claims were dismissed prior to trial, and, on May 1, 1989, a jury trial on Parker's negligence theories began.
 
 
 4
 While this action was in the state court, Parker filed a request to produce all records of quality control and safety testing regarding the product. Olfa's response to the request to produce stated, "Copies of quality control or safety or testing records will be provided." Parker also submitted interrogatories to Olfa, several of which were directed at quality control and testing information. Olfa answered that several tests had been performed on the product and that the "results indicated that the product performed as anticipated, and safely." Olfa acknowledged that its products were periodically evaluated for quality control purposes, but it stated that it did not have specific information regarding the tests performed.
 
 
 5
 In the district court, Parker filed a supplemental request to produce all quality control records and safety testing records regarding the product. Olfa responded to the supplemental request by stating that "no specific written information or records from quality control are known to be available or maintained at this time." Olfa noted that the product was introduced to the market over seventeen years ago, and Olfa stated that pre-production testing records were no longer available. Olfa did produce a report prepared by the Osaka Technology Institute regarding the strength of the Olfa Cutter 180, and Olfa stated that this report was the only document prepared on this product.
 
 
 6
 At the trial, Parker introduced into evidence Olfa's answers to the interrogatories and its responses to requests to produce, without objection from Olfa. Parker also cross-examined Toshihide Kodama, a member of Olfa management, regarding quality control and safety testing of the product. Parker asked Kodama if he was aware of any reason why Olfa could not produce quality control and safety testing records, and Kodama replied, "I haven't heard of it." However, Kodama also stated on cross-examination that he did not know what quality control and safety testing records are, and that he had no knowledge regarding the type of records Olfa maintained on this product.
 
 
 7
 At the conclusion of the evidence, Parker requested that the court give Michigan Standard Jury Instruction 2d ("SJI2d") 6.01 on Failure to Produce Evidence or a Witness, because Olfa failed to introduce quality control and safety testing documents into evidence. Parker argued that the jury instruction was necessary because he had requested quality control and safety testing documents prior to trial and Olfa did not produce them and did not introduce the documents into evidence at the trial. The court declined to give the requested instruction. On May 5, 1989, the jury returned a verdict for Olfa, and the district judge subsequently entered a judgment dismissing the action on the merits. This timely appeal followed.
 
 
 8
 The principal issue on appeal is whether the district court erred by declining to give the requested jury instruction.
 
 II.
 
 9
 "While the substance of instructions in diversity cases is governed by state law, the propriety of a district court's refusal to give a requested instruction is controlled by federal law." National Fire Ins. Co. v. Housing Dev. Co., 827 F.2d 1475, 1482-83 (11th Cir.1987); see Bagherzadeh v. Roeser, 825 F.2d 1000, 1003 (6th Cir.1987). "To effectively charge a trial court with failure to provide an instruction, one must first show the presence of evidence in the record sufficient to support submission of that instruction. Absent such evidence, nothing is present upon which the court could have based the refused instructions." Bucyrus-Erie Co. v. General Products, 643 F.2d 413, 420 (6th Cir.1981) (citations omitted).
 
 
 10
 Michigan SJI2d 6.01 "permits the jury to infer that evidence which was under a party's control and for which the party gave no reasonable excuse for nonproduction would have been adverse to that party." Zmija v. Baron, 119 Mich.App. 524, ----, 326 N.W.2d 908, 914 (1982), rev'd in part on other grounds, 422 Mich. 899, 368 N.W.2d 244 (1985). Michigan law requires "that requested standard jury instructions be given when they are applicable and accurate." Id.; see Javis v. Board of Educ., 393 Mich. 689, 227 N.W.2d 543 (1975). "The determination of whether a requested standard instruction is applicable and accurately states the law is addressed to the trial court's discretion." Zmija, 119 Mich.App. at ----, 326 N.W.2d at 914.
 
 
 11
 Parker argues that the district court erred by refusing to give SJI2d 6.01. Parker maintains that the requested records were in Olfa's exclusive control and that Olfa failed to offer a reasonable excuse for not producing the records. Parker asserts that in the absence of evidence explaining why the records were not produced, he was entitled to a presumption that the records would have been adverse to Olfa.
 
 
 12
 Parker principally relies on Olfa's response to his first request to produce as evidence that Olfa has quality control and safety testing records which were not produced or introduced into evidence. Olfa's response to the first request to produce stated, "Copies of quality control or safety or testing records will be provided." Parker argues that Olfa's response establishes the existence of quality control and safety testing records regarding the product. Parker also points to Olfa's answers to interrogatories in which Olfa stated that it did conduct various safety and durability tests of the product. Parker contends that records of this testing are relevant to his case and should have been introduced into evidence by Olfa. Finally, Parker asserts that on cross-examination Kodama did not deny the existence of the requested records and did not offer a reasonable excuse for not producing the records.
 
 
 13
 The record evidence establishes that SJI2d 6.01 is inapplicable to the present case. Olfa's answers to interrogatories and responses to the requests to produce establish that Olfa does not have the type of records requested by Parker. Parker's reliance on Olfa's response to the first request to produce is misplaced. Olfa responded that it would produce quality control or safety or testing records, and it fulfilled this promise by producing the report prepared by the Osaka Technology Institute regarding the strength of the cutter. In response to Parker's supplemental request to produce, Olfa specifically answered, "The records requested are not available as they relate to pre-production design and testing which occurred over 17 years ago." Kodama's testimony on cross-examination also fails to establish the existence of the requested records. Viewed in context, Kodama's answers establish that he had no knowledge of the type of records maintained on this product.
 
 
 14
 It was unnecessary for Olfa to introduce evidence of a reasonable excuse for not producing the records since Parker submitted Olfa's discovery responses into evidence, and the sworn responses establish that the requested records are not available. If Parker doubted the veracity of Olfa's sworn answers, his remedy was to obtain from the district court an order compelling production of the requested records. See Fed.R.Civ.P. 37(a). Because Parker failed to "show the presence of evidence in the record sufficient to support submission of [the] instruction," the district court did not abuse its discretion in refusing to give SJI2d 6.01. Bucyrus-Erie, 643 F.2d at 420.
 
 III.
 
 15
 Accordingly, the judgment of the district court is AFFIRMED.